IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CALVIN RAY HYDER, ID # 458495, § | |
| § | |
| Petitioner, § | |
| § | Civil Action No. 3:06-CV-1588-D |
| VS. § | |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**ORDER**

After making an independent review of the pleadings, files, and records in this case, and the October 3, 2006 findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

In his objections, petitioner Calvin Ray Hyder ("Hyder") attempts to distinguish this habeas matter from a civil case, contending that Judge Robinson's sanction decision in *Hyder v. US Attorney General*, Misc. No. 2:01-MC-0005 (N.D. Tex. June 27, 2002) (Robinson, J.), does not apply. Judge Robinson's memorandum opinion, order of dismissal, and sanction, however, is not limited to civil cases. It specifically provides that Hyder "is BARRED from filing any further new submissions in this Court unless he first satisfies the monetary sanction assessed herein, obtains permission from a U.S. District Judge or a U.S. Magistrate Judge, and pays the filing fee for the proposed new submission." Mem. Op. at 4. The present habeas matter clearly qualifies as a *submission* and is therefore subject to Judge Robinson's order.

As recommended by the magistrate judge, the court sets out the procedures that apply to any filings that Hyder makes in the future. Consistent with the prior sanctions, Hyder is prohibited from making any new submissions in the Northern District of Texas unless he has obtained leave of court from a district or magistrate judge through a proper motion for leave. Hyder will not be granted leave of court unless he first pays the monetary sanction imposed against him and pays the filing fee for the proposed new submission. If the clerk of court receives a filing from Hyder that does not include a motion for leave, or receives a motion for leave that does not show that he has paid the monetary sanction imposed against him or is not accompanied by the applicable filing file, the clerk shall docket the filing for administrative purposes only and close the case after placing a copy of this order in the case file. The court will not otherwise address or acknowledge submissions that are unaccompanied by a motion for leave, do not show that he has paid the monetary sanction imposed against him, or are not accompanied by the applicable filing file.

**SO ORDERED**.

October 17, 2006.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE